UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Crim. No.: 21-670 (CJN) |
| | : | |
| STEPHEN K. BANNON, | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO
REIMPOSE BAIL OR IMPOSE A PERIOD OF SUPERVISED RELEASE**

The United States of America, hereby, opposes the defendant's Motion to Reimpose Bail Pending Sentencing or Impose a Period of Supervised Release. (Def. Mot.) [ECF #201].

**I.   Introduction**

The defendant shows no basis for the Court to reverse its earlier ruling lifting the stay of his sentence, a ruling that both the D.C. Circuit and the Supreme Court have effectively endorsed. He also fails to justify modifying his sentence to impose a period of supervised release. The Court should, therefore, deny the defendant's motion.

**II.  Procedural Posture**

On July 22, 2022, a jury found the defendant guilty of two counts of contempt of Congress, in violation of 18 U.S.C. § 192. [ECF 135]. The Court sentenced the defendant, on October 21, 2022, to four months' incarceration on each count to be served concurrently. Judgment [ECF No. 161]. At sentencing, the Court found that the defendant's anticipated appeal raised a substantial question of law that was likely to result in a reversal or an order for a new trial. 10/21/22 Tr. at

76-77. Thus, the Court stayed the execution of the defendant's sentence. *Id.*; [ECF No. 168].

Subsequently, on May 10, 2024, a unanimous panel of the D.C. Circuit affirmed the defendant's conviction. *United States v. Bannon*, 101 F.4th 16, 28 (D.C. Cir. 2024). Accordingly, the government moved to life the stay on the defendant's sentence [ECF # 193], and, on June 6, 2024, the Court granted the government's motion and ordered the defendant to report to the Bureau of Prisons on July 1, 2024, to serve his sentence. *United States v. Bannon*, No. 21-CR-0670 (CJN), 2024 WL 2867955 (D.D.C. June 6, 2024).

On June 20, 2024, the D.C. Circuit denied the defendant's emergency motion for release pending appeal, *United States v. Bannon*, 2024 WL 3082040, at *1 (D.C. Cir. June 20, 2024) ("*Bannon II*"), and, on June 28, 2024, the Supreme Court denied the defendant's application for release pending appeal. *Bannon v. United States*, 144 S. Ct. 2704 (2024). The defendant is now serving his four-month sentence (he is scheduled for release on October 29, 2024).[1] On July 15, 2024, the defendant filed a petition for rehearing en banc; the government responded on July 31, 2024; and the rehearing petition is pending before the D.C. Circuit.

### III.   Standard for Release Pending Appeal

Pursuant to the Bail Reform Act, there is a presumption against release pending appeal. *See* 18 U.S.C. § 3143(b)(1) (the court "shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment" be detained during the pendency of his appeal, unless the defendant can establish, inter alia, "that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in reversal).

A "substantial question" is "a close question or one that very well could be decided the

---

[1]   *See* https://www.bop.gov/inmateloc/ (last visited Sept. 9, 2024).

other way." *United States v. Perholtz*, 836 F.2d 554, 555-56 (D.C. Cir. 1988). If a court were to determine that an appeal raises a substantial question, it would also have to determine whether "resolution of that question in the defendant's favor [is] likely to lead to reversal." *Id.* at 555. As the government argued before the D.C. Circuit and in the Supreme Court, where, as here, the defendant has already had appeal of right, he faces an additional hurdle. With only discretionary stages of appellate review remaining, before he can demonstrate that a reviewing court is likely to reverse, the defendant must demonstrate that either the D.C. Circuit or the Supreme Court is likely to grant discretionary review in the first place. *Cf. Does 1-3 v. Mills*, 142 S. Ct. 17, 18 (2021) (Barrett, J., concurring in the denial of application for injunctive relief) (requirement for extraordinary relief that applicant is "likely to succeed on the merits" "encompass[es] not only an assessment of the underlying merits but also a discretionary judgment about whether the Court should grant review in the case"). The defendant cannot make any of these showings.

**IV.    There has been no change in circumstances justifying release of the defendant pending appeal.**

The Court has already held that the defendant fails to overcome the presumption of detention pending appeal. The defendant has shown no reason why the Court should reverse its earlier ruling.

While changed circumstances may support revisiting a court's determination of release pending appeal,[2] no such changed circumstances exist here. The defendant does not claim that there has been either a change in his circumstances or a change in the law. Indeed, the only

---

[2] New circumstances may justify modification of a release order. *See, e.g., United States v. Krzyske*, 857 F.2d 1089, 1091 (6th Cir. 1988) (court may address release "[a] circumstances may change"); *United States v. Black*, 543 F.2d 35, 37 (7th Cir. 1976) (court has authority to "review[], alter[] or amend[]" release conditions).

relevant new circumstances are that both the D.C. Circuit and the Supreme Court have agreed with the Court's determination that the defendant does not merit release pending appeal. The D.C. Circuit denied the defendant's motion for release pending further appellate review, observing that its "unanimous panel opinion explains why" applicant had not satisfied the requirements in Section 3143(b). *Bannon II*, 2024 WL 3082040, at *1. Likewise, the Supreme Court denied the defendant's application for release. *Bannon*, 144 S. Ct. 2704 ("Application for release pending appeal presented to The Chief Justice and by him referred to the Court denied.").

None of the defendant's arguments supports the Court sidelining the higher courts' orders by now ordering the defendant's release. First, the defendant argues that Judge Walker's dissent from the denial of the defendant's release pending appeal in *Bannon II* establishes that his appeal raises a "substantial question." *See* Def. Mot. at 3-4. However, the defendant cites no authority, nor are we aware of any, suggesting that one judge's dissent establishes a "substantial question." Moreover, the *Bannon II* majority was aware of Judge Walker's dissent but nonetheless found that the defendant had not met his burden under the statute. Similarly, the Supreme Court knew the full history of this case – including Judge Walker's dissent – yet found no basis to grant the defendant's application for release pending appeal.

Next, the fact that the D.C. Circuit has not yet decided the defendant's petition for rehearing en banc (Def. Mot. at 4-6) does not establish that the defendant's appeal now presents a "substantial question." There is no basis to conclude from the pendency of the defendant's rehearing petition that it is "very likely" the D. C. Circuit will either grant rehearing en banc or deny rehearing with a dissent. The defendant shows no basis to assume that the D.C. Circuit is not simply dealing with a heavy workload after a summer recess and certainly offers no support for his speculation

4

that he will receive rehearing en banc.  At bottom, the defendant's attempt to "read tea leaves" does not establish any basis for the Court to release a defendant whom this Court, the D.C. Circuit, and the Supreme Court have ruled must be detained.

Finally, contrary to the defendant's claim (at 8-9), the government's position regarding the Supreme Court's treatment of "willful" has not changed.   The government has always argued, and argued again in opposing the defendant's release, that the Supreme Court has consistently held that (1) the mens rea required for a violation of Section 192 is no more than deliberate and intentional conduct, (2) "willfully" is a word of many meanings and depends on context, and (3) Section 192 serves to vindicate Congress's authority to investigate.  *See* Opp. to Appellant's Emerg. Mot. for Release Pending Appeal (attached), at 8-16; Resp. in Opp. to App. for Release Pending Appeal (attached), at 18-23.  The defendant's attempt to manufacture a "substantial question" is without merit.

**V.      The defendant is not eligible for Supervised Release.**

The defendant asks the Court to sentence him to supervised release. Def. Mem. 9-11.   The Court's authority to modify the defendant's sentence is circumscribed.   *See* 18 U.S.C. § 3582(c). The defendant's sentence should not be modified as requested because (1) he has not exhausted his administrative remedies and (2) he does not satisfy the criteria for a sentence modification. Thus, he is not eligible for supervised release.

**A.      Modification of a Sentence**

The Sentencing Reform Act provides for three instances in which a sentence may be reduced after imposition. 18 U.S.C. § 3582(c).  The defendant is seeking a reduction to his sentence pursuant to the first instance.   *See* 18 U.S.C. § 3582(c)(1)(A)(i) (the "Section").

The Section provides for a two-step process for modifying a sentence. First, the director of the Bureau of Prisons must move for a modification or, after a failure of the Bureau of Prisons to move on a defendant's behalf 30 days after the defendant has asked the Bureau of Prisons to do so, the defendant must move for a modification. 18 U.S.C. § 3582(c)(1)(A). Second, the court must then determine whether "extraordinary and compelling" reasons warrant reduction of the sentence, 18 U.S.C. § 3582(c)(1)(A)(i), and that the reduction is consistent with applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission's applicable policy statement provides that "extraordinary and compelling reasons," include the following: (1) Medical Circumstances of the Defendant, (2) Age of the Defendant, (3) Family Circumstances of the Defendant, (4) Victim of Abuse, (5) Other Reasons,[3] and (6) Unusually Long Sentence. U.S.S.G. § 1B1.13(b)(1-6).

**B.    The defendant has not satisfied the mandatory claim-processing rule prescribed by the Section.**

Before petitioning the Court for a sentencing reduction, the defendant must exhaust his administrate remedies. 18 U.S.C. § 3582(c)(1)(A). The Supreme Court distinguishes "between jurisdictional prescriptions and nonjurisdictional claim-processing rules." *Fort Bend Cnty. v. Davis*, __U.S. __, 139 S. Ct. 1843, 1849 (2019). The former limit the circumstances in which Article III courts may exercise judicial power; the latter "seek to promote the orderly progress of litigation by requiring that the parties take certain procedural steps at certain specified times."

---

[3]    "Other Reasons" are defined as "any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in [the proceeding paragraphs] are similar in gravity to those described in [the proceeding paragraphs]." U.S.S.G. § 1B1.13(b)(5).

6

*Henderson v. Shinseki*, 562 U.S. 428, 435 (2011).  Provisions are only considered jurisdictional when "the Legislature clearly states that [the] prescription counts as jurisdictional." *Fort Bend Cnty.*, 139 S. Ct., at 1850.  Appling the foregoing principles, courts of appeals have held that the limitations set forth in § 3582(c)(1)(A) are mandatory claim-processing rules rather than jurisdictional limitations.  *See, e.g., United States v. Franco*, 973 F.3d 465, 467-68 (5th Cir. 2020) ("The statute's requirement that a defendant file a request with the BOP before filing a motion in federal court is a nonjurisdictional claim-processing rule."); *United States v. Alam*, 960 F.3d 831, 833-836 (6th Cir. 2020) ("It's usually a mistake to treat a statutory limit on our power as a statutory limit on our subject-matter jurisdiction." (internal quotation marks omitted)); *see also United States v. Smith*, 467 F.3d 785, 788 (D.C. Cir. 2006) (Supreme Court has "calle[ed] into question a jurisdictional reading of § 3582").[4]  Having failed to exhaust his administrative rights, the defendant has not complied with the Section's mandatory-claims processing rule.  The Court, therefore, may not – at this time – consider his request to be placed on Supervised Release.

**C.     Even if the defendant had exhausted his administrative rights, he would not be eligible for Supervised Release.**

A sentence may be reduced only if the Court finds "extraordinary and compelling reasons warrant such a reduction."  18 U.S.C.  § 3582(c)(1)(A)(1).  An "extraordinary" reason must be "far from common" and "having little or no precedent," and a "compelling" reason to be "both powerful and convincing."  *United States v. Jenkins*, 50 F.4th 1185, 1197 (D.C. Cir. 2022)

---

[4]     A defendant must comply with the Section's requirement that administrate remedies be exhausted.  *Franco*, 973 F.3d at 468 ("[W]e must determine whether that statutory requirement is mandatory.  We join the other three circuits that have faced the question and conclude that it is."); *United States v. Sumner*, 210 F.Supp.3d 21, 23 (D.D.C. 2016); *United States v. Van Putten*, No. 04 Cr 803 (GBD), 2024 WL 1332024, at *4 (S.D.N.Y. Mar. 27, 2024).

7

(internal quotation marks and citation omitted). The defendant has not presented any "extraordinary and compelling reason" to reduce his sentence. *See* U.S.S.G. § 1B1.13. Instead, the defendant argues that accommodation of his desire to receive "earned-time credit" constitutes an "exception and compelling" reason. This argument is footless.

In nearly identical circumstances, Judge Mehta concluded: "Defendant's desire to shorten his prison time through First Step Act credits does not, at least in this case, constitute an 'extraordinary and compelling' reason to modify his sentence." *United States v. Navarro*, 22-cr-200 (APM) (D.D.C. May 20, 2024) [ECF # 177, at 2-3] ("The nature and circumstances of Defendant's contemptuous conduct, and the need to deter others from doing the same, weigh heavily against including any period of supervision that would allow Defendant to shorten his term of imprisonment.") (citations omitted). The case relied on by the defendant, *United States v. Nunez-Hernandez*, No. 14 Cr. 20, 2023 WL 3166466, at *1 (D. Minn. Apr. 27, 2023), is not good law because it was decided "before the recent amendments to Policy Statement 1B1.13 took effect on November 1, 2023, and courts had more discretion before the amendments took effect with respect to what constitutes an extraordinary and compelling reason for granting relief under Section 3582." *United States v. Pina*, No. 01 CR. 619 (VM), 2023 WL 8759830, at *7 (S.D.N.Y. Dec. 19, 2023).

**VI.     Conclusion**

There has been no change in circumstances justifying a reversal of the Court's ruling lifting the stay of his sentence. Likewise, the defendant has failed to justify any modification of his sentence. The Court should, therefore, deny the defendant's motion.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:        /s/
John Crabb Jr.
Assistant United States Attorney
N.Y. Bar No. 2367670
United States Attorney's Office
601 D Street, N.W.
Washington, D.C. 20530
(202) 252-1794
john.d.crabb@usdoj.gov