**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>STEPHEN K. BANNON,<br><br>*Defendant*. | Criminal Action No. 1:21-cr-00670 (CJN) |

**ORDER**

On July 22, 2022, a jury found Defendant Stephen Bannon guilty of two counts of violating the contempt of Congress statute, 2 U.S.C. § 192. The Court sentenced Bannon to four months of incarceration, but stayed that sentence pending his appeal. ECF 168. Thereafter, the Court of Appeals affirmed Bannon's conviction, *United States v. Bannon*, 101 F.4th 16 (D.C. Cir. 2024), and the Court lifted its stay of his sentence, ECF 198, which Bannon then served.

After his petition for *en banc* reconsideration was denied, *United States v. Bannon*, No. 22-3086, 2025 WL 1503223 (D.C. Cir. May 27, 2025), Bannon filed a petition for writ of certiorari in the Supreme Court. While that petition was pending, the Government filed a motion in this Court to dismiss his indictment pursuant to Fed. R. Crim. P. 48(a). ECF 207. The Government then submitted a supplemental brief to the Supreme Court apprising it of the pending motion to dismiss and requesting that the Court "grant [Bannon's] petition, vacate the judgment below, and remand the case to allow the district court to grant the Rule 48(a) motion." *Bannon v. United States*, No. 25-453, Brief for the United States, at *3 (U.S. Sup. Ct. Feb. 2026).

The Supreme Court granted the petition in April 2026, vacating the judgment of the Court of Appeals and remanding to that court "for further consideration in light of the pending motion to dismiss the indictment." *Bannon v. United States*, 146 S. Ct. 2155 (2026). "In light of the

Supreme Court's order," the Court of Appeals then directed the parties to "file motions to govern further proceedings." Order, *United States v. Bannon*, No. 22-3086 (D.C. Cir. July 16, 2026). Bannon and the Government then filed a joint motion requesting the Court of Appeals to remand the case to this Court to allow it to "address the pending unopposed motion to dismiss the indictment and terminate this prosecution." Joint Motion, *United States v. Bannon*, No. 22-3086 (D.C. Cir. July 30, 2026). The Court of Appeals granted that motion on August 12, 2026, remanding the action to this Court "with instructions to address the pending motion to dismiss the indictment with prejudice pursuant to Fed. R. Crim. P. 48(a)." *See* Order, *United States v. Bannon*, No. 22-3086 (D.C. Cir. Aug. 12, 2026).

Rule 48(a) provides that the "government may, with leave of court, dismiss an indictment, information, or complaint." Fed. R. Crim. P. 48(a). The Supreme Court long ago stated that this "leave of court" requirement "obviously vest[s] some discretion in the court." *Rinaldi v. United States*, 434 U.S. 22, 29 n.15 (1977). As the Court of Appeals has put it, the "requirement of judicial leave . . . gives the court a role in dismissals following indictment." *United States v. Ammidown*, 497 F.2d 615, 620 (D.C. Cir. 1973). The "primary concern" is "protecting a defendant from harassment, through a prosecutor's charging, dismissing without having placed a defendant in jeopardy, and commencing another prosecution at a different time or place deemed more favorable to the prosecution." *Id.* Where, as here, the defendant consents to the dismissal, that concern is obviously alleviated. But even in the "distinctly different situation" where a "defendant concurs in the dismissal," *id.*, the "leave of court" proviso still may require "an independent judicial assessment of the public interest in dismissing the indictment." *Rinaldi*, 434 U.S. at 34 (Rehnquist, J., dissenting).

The Court of Appeals has thus explained that Rule 48 contains both procedural and substantive components. *See Ammidown*, 497 F.2d at 620. As for procedure, the Court of Appeals has stated that a court reviewing a Rule 48(a) motion "*will not be content with a mere conclusory statement by the prosecutor that dismissal is in the public interest, but will require a statement of reasons and underlying factual basis*." *Id.* (emphasis added). As for substance, a court has "the role of guarding against abuse of prosecutorial discretion." *Id.*

Because "[f]ew subjects are less adapted to judicial review than the exercise by the Executive of his discretion in deciding when and whether to institute criminal proceedings . . . or whether to dismiss a proceeding once brought," *Newman v. United States*, 382 F.2d 479, 480 (D.C. Cir. 1967), the Court's role at the substantive stage is "exceedingly narrow." *United States v. Adams*, 777 F. Supp. 3d 185, 211 (S.D.N.Y. 2025). But, under *Ammidown*, the Court's role at the procedural stage is wider. The Court of Appeals has stressed that because "Rule 48(a)'s requirement of judicial leave . . . contemplates exposure of the reasons for dismissal," a Rule 48(a) motion must include "a statement of reasons" for the dismissal beyond "a mere conclusory statement." *Ammidown*, 497 F.2d at 620.[1]

The Government's motion does not explain its motivations for seeking dismissal of the indictment and thus fails to meet Rule 48(a)'s procedural requirement. The sole explanatory sentence in the motion reads: "The government has determined in its prosecutorial discretion that

---

[1] "Numerous courts of appeals have adopted similar reasoning." *Adams*, 777 F. Supp. 3d at 208. *See In re Richards*, 213 F.3d 773, 788 (3d Cir. 2000) (describing "Rule 48(a) as a 'sunshine' provision that exposes the reasons for prosecutorial decisions"); *United States v. Derr*, 726 F.2d 617, 619 (10th Cir. 1984) ("[T]he trial court at the very least must know the prosecutor's reasons for seeking to dismiss the indictment and the facts underlying the prosecutor's decision."); *United States v. Salinas*, 693 F.2d 348, 352 (5th Cir. 1982) ("[T]he prosecutor is under an obligation to supply sufficient reasons—reasons that constitute more than 'a mere conclusory interest' [supporting dismissal]."); *see also United States v. Adani et al.*, No. 24-cr-0433, 2026 WL 2294305, at *9–11 (E.D.N.Y. Aug. 10, 2026).

dismissal of this criminal case is in the interests of justice." ECF 207 at 1. But that is the kind of "conclusory statement by the prosecutor" that the Court of Appeals has said is insufficient to justify a Rule 48(a) motion. *Ammidown*, 497 F.2d at 620; *see also Adams*, 777 F. Supp. 3d at 208 ("[A] district court abuses its discretion if it does not articulate its reasons for granting or denying leave, and it cannot discharge its duties properly unless the underlying motion accurately states the government's reasons for dismissal."). The Court will therefore deny the Government's motion without prejudice. The Government is free to submit a renewed motion that complies with Rule 48(a)'s requirements.[2]

Accordingly, it is

**ORDERED** that the Motion to Dismiss Indictment, ECF 207, is **DENIED.**

DATE: August 26, 2026

CARL J. NICHOLS
United States District Judge

---

[2] If the Government does submit a renewed motion, that motion should also address the relevance of *United States v. Thorpe*, 148 F.4th 768 (D.C. Cir. 2025), *cert. denied*, 146 S. Ct. 1459 (2026). There, the Court of Appeals held that the "plain meaning of Rule 48(a), understood in light of the common law and against the backdrop of constitutional separation of powers, is that the government may dismiss a prosecution only while the prosecution is pending." *Id.* at 776. That decision noted that, "[o]nce the court has entered judgment, the prosecution comes to an end, and the government loses its ability to dismiss the charges," "unless the judgment is vacated by some other means." *Id*. at 774. Although the Supreme Court vacated the judgment of the Court of Appeals affirming Bannon's conviction, the judgment of *this* Court has not been vacated. The Government should therefore explain whether *Thorpe* bars this Court from dismissing the indictment under Rule 48(a).