**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>STEPHEN K. BANNON,<br><br>Defendant. | ) ) ) ) ) ) ) ) ) ) | No. 1:21-cr-670-CJN |

**DEFENDANT STEPHEN K. BANNON'S JOINDER IN THE GOVERNMENT'S UNOPPOSED MOTION TO VACATE THE JUDGMENT AND DISMISS THE INDICTMENT AND, IN THE ALTERNATIVE, UNOPPOSED MOTION TO VACATE THE JUDGMENT UNDER RULE 33(A)**

Defendant Stephen K. Bannon joins the United States' Unopposed Motion to Vacate the Judgment and Dismiss the Indictment, Dkt. No. 213. Mr. Bannon agrees that the Court can and should grant that motion under Rule 48(a) without separate vacatur, for the reasons the government gives in Parts I and II of its motion.

Mr. Bannon files this motion only to address one discrete aspect of the question raised in footnote 2 of the Court's August 26, 2026 Order: "whether *Thorpe* bars this Court from dismissing the indictment under Rule 48(a)." Dkt. No. 211 at 4 n.2.[1] If the Court concludes that its judgment must be separately vacated before it may grant leave to dismiss, Mr. Bannon moves for vacatur under Federal Rule of Criminal Procedure 33(a) and asks that the Court grant that request in the same order that grants the government's motion. The government "alternatively seeks vacatur

[1] This question rarely arises, because in this posture the conviction is ordinarily vacated without a separate motion, either by the court of appeals on remand, *see* Order at 1, *United States v. Sittenfeld*, No. 23-3840, Dkt. No. 85 (6th Cir. July 2, 2026), or by the district court when it grants the government's motion, *see* Order, *United States v. Bronsozian*, No. 16-cr-196 (SVW), Dkt. No. 150 (C.D. Cal. June 30, 2020). Mr. Bannon simply offers the Court a different procedural route to that same result.

under Rule 33(a) insofar as necessary to facilitate resolution of its Rule 48(a) motion" and "hereby waives the time limitation set forth in Rule 33(b)(2)." Dkt. No. 213 at 14–15. The government also consents to Mr. Bannon's motion.

**BACKGROUND**

In July 2022, a jury convicted Mr. Bannon on two counts under 2 U.S.C. § 192. Mr. Bannon sought to rebut the statute's willfulness element by showing that he relied in good faith on his attorney's advice to delay compliance with the subpoena until executive-privilege disputes were first resolved. The Court excluded that defense as foreclosed by *Licavoli v. United States*, 294 F.2d 207, 208 (D.C. Cir. 1961), while observing that it "might be inclined to agree with" Mr. Bannon if the question were "a matter of first impression." *United States v. Bannon*, No. 1:21-cr-670 (CJN), 2022 WL 2900620, at *2 (D.D.C. Apr. 6, 2022). After the verdict, Mr. Bannon timely moved for a new trial under Rule 33, arguing principally that the Court's construction of "willfully" required one. Dkt. No. 142. The Court denied the motion, concluding again that binding circuit precedent foreclosed Mr. Bannon's arguments. Dkt. No. 147 at 1.

This Court sentenced Mr. Bannon to four months' imprisonment, Dkt. No. 161, which he has since served in full. A panel of the Court of Appeals affirmed under *Licavoli*. *United States v. Bannon*, 101 F.4th 16, 18 (D.C. Cir. 2024), *reh'g en banc denied*, No. 22-3086, 2025 WL 1503223 (D.C. Cir. May 27, 2025) (per curiam), *vacated*, 146 S. Ct. 2155 (2026). This Court then lifted the stay of Mr. Bannon's sentence, Dkt. No. 198, after which the Court of Appeals, over Judge Walker's dissent, and the Supreme Court each denied release pending his forthcoming certiorari petition. *United States v. Bannon*, No. 22-3086, 2024 WL 3082040 (D.C. Cir. June 20, 2024) (per curiam); *Bannon v. United States*, 144 S. Ct. 2704 (2024). In that dissent, Judge Walker explained that for "a court unbound by *Licavoli*, like the Supreme Court, the proper interpretation of

'willfully' in Section 192 is a close question or one that very well could be decided the other way." *Bannon*, 2024 WL 3082040, at *3 (Walker, J., dissenting) (cleaned up). Three judges dissented from the denial of rehearing en banc and would have overruled *Licavoli*, *Bannon*, 2025 WL 1503223, at *5 (Rao, J., joined by Henderson, J., and in part by Walker, J., dissenting from the denial of rehearing en banc), and Judge Katsas wrote separately to note the "significant tension between *Licavoli* and more recent Supreme Court decisions" and that prosecuting "former Executive Branch officials for good-faith but mistaken privilege assertions raises questions that are troubling, important, and likely to recur." *Id.* at *1 (statement of Katsas, J., respecting the denial of rehearing en banc).

While Mr. Bannon's certiorari petition was pending, *Bannon v. United States*, No. 25-453 (U.S. filed Oct. 10, 2025), the government sought dismissal of the indictment with prejudice under Rule 48(a), without objection from Mr. Bannon. Dkt. No. 207. At the same time, the Solicitor General filed his response to Mr. Bannon's petition and asked the Supreme Court to "grant the petition, vacate the judgment below, and remand the case to allow the district court to grant the Rule 48(a) motion." Br. for the United States at 3, *Bannon*, No. 25-453 (U.S. Feb. 9, 2026). On April 6, 2026, the Supreme Court granted the petition, vacated the Court of Appeals' judgment, and remanded "for further consideration in light of the pending motion to dismiss the indictment." *Bannon v. United States*, 146 S. Ct. 2155, 2155 (2026) (judgment issued May 8, 2026).

The Court of Appeals recalled its mandate, Dkt. No. 208, and, on the parties' joint motion, remanded with instructions to address the pending Rule 48(a) motion and issued its mandate forthwith. Order, *United States v. Bannon*, No. 22-3086, Dkt. No. 2187801 (D.C. Cir. Aug. 12, 2026).

On remand, however, this Court denied the government's motion without prejudice for lack of a statement of reasons and asked that any renewed motion also address whether *United States v. Thorpe*, 148 F.4th 768 (D.C. Cir. 2025), *cert. denied*, 146 S. Ct. 1459 (2026), bars dismissal given that "the judgment of this Court has not been vacated." Dkt. No. 211 at 3–4 & n.2. The government's renewed motion gives its reasons, explains why *Thorpe* does not pose a bar, and alternatively seeks vacatur under Rule 33(a). Dkt. No. 213 at 4–15.

## ARGUMENT

### I. The Court May Grant the Government's Motion Without Separate Vacatur Under Rule 33

As the government explains, because direct review never ended, Mr. Bannon's judgment is not "final" within the meaning of *Thorpe*, and no vacatur under Rule 33 is required. Dkt. No. 213 at 12–14; *see Thorpe*, 148 F.4th at 776 (recognizing Supreme Court decisions that "allow the government to pursue a Rule 48(a) dismissal on direct appeal"); *id.* at 778 (resting on the fact that Thorpe "exhausted appellate review"). The government further explains that the Supreme Court's and Court of Appeals' orders contemplate that this Court may vacate the judgment as needed to grant the Rule 48(a) motion. Dkt. No. 213 at 13–14; *see also* Order, *United States v. Bronsozian*, No. 16-cr-196 (SVW), Dkt. No. 150 (C.D. Cal. June 30, 2020) (vacating the judgment and dismissing the indictment following *Bronsozian v. United States*, 590 U.S. 901 (2020)). Mr. Bannon agrees with the government.

### II. In the Alternative, Rule 33(a) Authorizes the Court to Vacate Its Judgment

Should the Court conclude that a separate order of vacatur is first required, however, Rule 33(a) independently authorizes it: "Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). Mr. Bannon agrees with the government that it may seek that relief itself. *See* Dkt. No. 213 at 14–15;

*United States v. Smith*, 467 F.3d 785, 789 (D.C. Cir. 2006) (vacatur followed by dismissal would be "free of jurisdictional error if the government had made an unopposed motion for retrial under Rule 33, and then moved to dismiss the new indictment under Rule 48" (emphasis omitted)); *Rice v. Rivera*, 617 F.3d 802, 809 (4th Cir. 2010) (per curiam) (same). But to remove all doubt, Mr. Bannon moves for that relief here.

Indeed, *Thorpe*, the decision the Court asked the parties to address, contemplated that a judgment may be "vacated by some other means," and listed Rule 33(a) first among the "other rules of criminal procedure [that] explicitly provide mechanisms for vacating a judgment." *Thorpe*, 148 F.4th at 774. Although *Thorpe* did not decide whether Rule 48(a) dismissal may follow such a vacatur, 148 F.4th at 778 n.9, its reasoning does not suggest that such a dismissal would be unavailable.

To the contrary, vacatur under Rule 33(a) honors the separation-of-powers principle at the core of *Thorpe*. *Thorpe* reasoned that, apart from the pardon power, "the Executive has no authority to vacate or set aside court judgments." 148 F.4th at 776. Here, by contrast, the Executive would not be vacating or setting aside anything; it would be the Court exercising a power the Rules expressly give it, on a motion both parties support as a step towards resolving the dismissal motion that both higher courts remanded for this Court to address based on the representation of the Solicitor General that dismissal was proper because the "government has determined in its prosecutorial discretion that dismissal of this criminal case is in the interests of justice." Br. for the United States at 3, *Bannon*, No. 25-453 (U.S. Feb. 9, 2026). And once the judgment is vacated, the prosecution is again pending, and the Court may grant the government's Rule 48(a) motion. *See Thorpe*, 148 F.4th at 776–77.

## III. The Interest of Justice Requires Vacatur

Rule 33(a)'s substantive standard—whether "the interest of justice so requires"—is readily met here. Indeed, it undergirds the Supreme Court's unanimous decision to grant, vacate, and remand this case and the Court of Appeals' decision to remand to this Court. The record since 2022 supports the government's stated doubts about the fairness of the trial; no party defends the resulting judgment, which both higher courts have remanded for consideration of its dismissal; and the interest in finality carries little weight in this posture.

### A. Developments Since 2022 Cast Serious Doubt on the Trial That Produced the Judgment

The Court of Appeals has explained that a court should grant relief where "a serious miscarriage of justice may have occurred." *United States v. Wheeler*, 753 F.3d 200, 208 (D.C. Cir. 2014) (citation omitted). This motion does not ask the Court to revisit its 2022 ruling that circuit precedent foreclosed Mr. Bannon's challenge to the exclusion of his advice-of-counsel defense. Dkt. No. 147 at 1. The question before the Court now is different: whether the interest of justice supports vacatur. This Court said even before trial that it "might be inclined" to allow that defense if writing on a clean slate. *Bannon*, 2022 WL 2900620, at *2. Since then, the circumstances bearing on that question have changed substantially. Three judges of the Court of Appeals have signaled they would have overruled *Licavoli*, *Bannon*, 2025 WL 1503223, at *5 (Rao, J., joined by Henderson, J., and in part by Walker, J., dissenting from the denial of rehearing en banc), and a fourth identified "significant tension between *Licavoli* and more recent Supreme Court decisions," *id.* at *1. And the government now states that it "harbors significant doubts about the fairness of Defendant's trial and whether D.C. Circuit precedent improperly foreclosed Defendant from raising a defense" to willfulness—the central contested element at trial. Dkt. No. 213 at 1; *see id.* at 5–6. But this Court need not resolve whether *Licavoli* is correct to recognize what the record

since 2022 shows: a serious possibility that Mr. Bannon was convicted without a fair chance to contest that element. Rule 33(a) asks no more. *See Wheeler*, 753 F.3d at 208.

**B. No Party Defends the Judgment, and Both Higher Courts Remanded for Consideration of the Motion to Dismiss**

The interest of justice also favors vacatur because the prosecution that obtained the judgment has all but confessed error, and both higher courts have remanded with the motion to dismiss in view. The government will not defend the conviction and has moved to dismiss with prejudice. Dkt. No. 213. The Supreme Court vacated the only appellate affirmance "in light of the pending motion to dismiss the indictment." *Bannon*, 146 S. Ct. at 2155. The Court of Appeals then remanded "with instructions to address" that motion. Order, No. 22-3086, Dkt. No. 2187801 (D.C. Cir. Aug. 12, 2026). The interest of justice is not served by keeping in place a judgment whose fairness the government itself doubts and that both parties agree should be vacated, in a case the appellate courts have remanded for consideration of dismissal.

**C. The Interest in Finality Carries Little Weight Here**

Nor does the interest in finality counsel against vacatur here. A court considering whether to set aside a criminal judgment must account for the public's interest in leaving settled convictions undisturbed. *See Thorpe*, 148 F.4th at 777 (citing *Calderon v. Thompson*, 523 U.S. 538, 555 (1998)). *Thorpe* relied in part upon this "presumption of finality and legality" that attaches "[w]hen the process of direct review . . . comes to an end." 148 F.4th at 777 (citation omitted). If the Court reaches this motion, it will be because the Court has concluded that its judgment has not been formally vacated, *see* Dkt. No. 211 at 4 n.2, not because the conviction carries the weight of a judgment that survived full appellate review. The government moved to dismiss while Mr. Bannon's certiorari petition was still pending, and the Supreme Court then granted the petition and vacated the appellate decision affirming the conviction. Because no court has had the last word on

this judgment, and the courts above have sent it back to address dismissal based on the Supreme Court's agreement with the request of the Solicitor General, the presumption of finality that animated *Thorpe* has little to no force here.

**IV. The Court May Grant This Motion Now**

No jurisdictional or procedural bar prevents the Court from granting both this motion and the government's motion to dismiss now. To start, the passage of time since judgment does not affect the Court's jurisdiction, which comes from 18 U.S.C. § 3231, not the Rules, and survives final judgment. *Smith*, 467 F.3d at 788; *Rice*, 617 F.3d at 808–09; *see Thorpe*, 148 F.4th at 774 n.5 (acknowledging that *Smith* "held district courts have jurisdiction under section 3231 even after final judgment").

Nor does the case's appellate history stand in the way. On the contrary, the Supreme Court vacated the only appellate affirmance, and the Court of Appeals has issued its mandate. *See supra* Part III.B. With no appeal pending and the case returned at the direction of both higher courts, this Court has full authority to act on this motion.

Mr. Bannon's 2022 motion, Dkt. No. 142, likewise poses no bar. Rule 33 does not limit successive motions; its only constraints on later motions are the time limits in Rule 33(b). *Cf.* 28 U.S.C. § 2255(h) (Congress's express restriction on "second or successive" motions for post-conviction relief following exhaustion of the direct-appeal process). The applicable limit here, Rule 33(b)(2), requires a motion on grounds other than newly discovered evidence to be filed within 14 days after the verdict. Fed. R. Crim. P. 33(b)(2). That limit is not jurisdictional but is a claim-processing rule that the government may forfeit or waive. *Eberhart v. United States*, 546 U.S. 12, 13, 19 (2005) (per curiam); *see also Rice*, 617 F.3d at 809 (recognizing, under *Eberhart*, "a district court's jurisdiction to entertain an untimely Rule 33 motion, even after a conviction has become final"). And here the government has expressly waived it, Dkt. No. 213 at 15 ("the United

States hereby waives the time limitation set forth in Rule 33(b)(2)"), a deliberate choice this Court should not override, *cf. Wood v. Milyard*, 566 U.S. 463, 466 (2012) (court abused its discretion by "resurrecting" a timeliness defense the State deliberately waived).

Finally, the law-of-the-case doctrine does not foreclose this motion. That doctrine provides that "the same issue presented a second time in the same case in the same court should lead to the same result." *LaShawn A. v. Barry*, 87 F.3d 1389, 1393 (D.C. Cir. 1996) (en banc) (emphasis omitted). This motion does not present the same issue as Mr. Bannon's previous Rule 33(a) motion. As explained in Part III.A, the issue now is whether the interest of justice requires vacatur in light of developments that postdate the 2022 ruling, Dkt. No. 147 at 1: the government's decision to seek dismissal and its stated doubts about the fairness of the trial, the opinions accompanying the 2025 denial of rehearing en banc, and the Supreme Court's vacatur and remand and the Court of Appeals' remand order in light of the motion to dismiss.

Regardless, the doctrine "merely expresses the practice of courts generally to refuse to reopen what has been decided, not a limit to their power." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (quoting *Messinger v. Anderson*, 225 U.S. 436, 444 (1912) (Holmes, J.)). So even if the doctrine applied, it would not prevent the Court from granting the relief both parties now seek.

**CONCLUSION**

The Court should grant the government's Unopposed Motion to Vacate the Judgment and Dismiss the Indictment, Dkt. No. 213, and deny this motion as moot. If the Court concludes that its judgment must first be vacated, it should grant this motion, vacate the judgment under Rule 33(a), and, in the same order, dismiss the indictment with prejudice under Rule 48(a), as the government requests. Requiring the parties instead to seek a clarifying order from the Court of Appeals expressly vacating this Court's judgment is unnecessary and would serve only to delay.

Ruling on both motions together avoids any interval in which the judgment is vacated but the indictment remains pending, and keeps the relief tied to the purpose of the remand: to address the pending motion to dismiss. A proposed order is attached.

November 16, 2026

By: *<u>/s/ Michael Buschbacher</u>*
Michael Buschbacher
DC Bar # 1048432
BOYDEN GRAY PLLC
800 Connecticut Avenue NW, Suite 900
Washington, DC 20006
(202) 955-0620
mbuschbacher@boydengray.com

*Counsel for Defendant Stephen K. Bannon*

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I electronically filed the foregoing document and the attached proposed order with the Clerk of the Court using the CM/ECF system, which will serve all registered attorneys in this case.

*<u>/s/ Michael Buschbacher</u>*
Michael Buschbacher